IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BI-TECH, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 02-CV-3758 |
| WESTCODE, INC. | : | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

**AND NOW**, comes the Defendant, Westcode, Inc. ("Westcode"), as and for its answer with affirmative defenses and counterclaim against Plaintiff, Bi-Tech, Inc., to submit the following:

1.  Denied. The allegations in paragraph 1 are denied as the Defendant, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth or accuracy.

2.  Admitted in part. Denied in part. It is admitted that Westcode has a principal place of business in West Chester, Pennsylvania. The remaining allegations in paragraph 2 are denied.

3.  The allegations contained in paragraph 3 are conclusions of law to which no affirmative response need be plead.

4.  The Defendant hereby incorporates paragraphs 1 through 3 above as if set forth at length herein.

5.  Admitted.

6.  Admitted in part. Denied in part. It is admitted that Westcode's customers

include Daimler Chrysler Rail Systems North America, Inc. The remaining allegations contained in paragraph 6 are denied.

7. Admitted in part. Denied in part. It is admitted that Westcode issued purchase order No. M0546125 to the Plaintiff on or about June 15, 1998. The purchase order is a written instrument that speaks for itself so the allegations contained in paragraph 7 which attempt to summarize the purchase order are denied. It is also admitted that certain goods were shipped by the Plaintiff to Westcode for which the Plaintiff was paid approximately $37,224.00. The remaining allegations contained in paragraph 7 are denied.

8. Admitted in part. Denied in part. It is admitted that the Defendant's customer terminated the Defendant's supply agreement and that pending assumption by the customer the Plaintiff was instructed to hold further for the deliveries. The remaining allegations in paragraph 8 are denied.

9. Denied. It is denied that the Plaintiff has sustained any losses as a result of Westcode's conduct.

10. Admitted in part. Denied in part. It is admitted that on or about October 15, 1999 Westcode issued a purchase order No. S2147892 to the Plaintiff. The remaining allegations contained in paragraph 10 are denied as they attempt to summarize the purchase order which is a written instrument that speaks for itself.

11. Admitted in part. Denied in part. It is admitted that the Plaintiff shipped certain goods pursuant to the purchase order and that the Plaintiff was paid approximately $12,981.00 by the Defendant for goods as well as other charges. The remaining allegations contained in paragraph 11 are denied.

12. Admitted in part. Denied in part. It is admitted that the Plaintiff shipped and invoiced goods to Westcode pursuant to the aforementioned purchase order in the first quarter of 2000 for which payment has not been made. The remaining allegations contained in paragraph 12 are denied.

13. Denied. It is denied that the Plaintiff has sustained any losses as a result of Westcode's conduct.

**WHEREFORE**, the Defendant, Westcode, Inc., respectfully requests the entry of judgment in its favor dismissing the Plaintiff's Complaint.

### AFFIRMATIVE DEFENSES

14. Defendant incorporates paragraphs 1 through 13 as though fully set forth herein at length.

15. The Plaintiff breached the terms and conditions of the aforementioned purchase orders by supplying nonconforming goods and by delivering goods late.

16. Further, the Defendant's replacement supplier purchased all, or substantially all, of the material from the Plaintiff pursuant to purchase order S2147892 when the purchase order was terminated.

17. The Defendant incurred additional costs, damages and expenses when the Plaintiff was replaced on the job represented by purchase order S2147892.

18. The Plaintiff's Complaint fails to set forth a claim upon which relief can be granted.

19. The Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

20. The Plaintiff's claims are barred in whole or in part by the doctrine of

novation, release and/or substituted contract.

**WHEREFORE**, the Defendant, Westcode, Inc., respectfully requests the entry of judgment in its favor dismissing the Plaintiff's Complaint.

### COUNTERCLAIM

21. Defendant incorporates paragraphs 1 through 20 as though fully set forth herein at length.

22. As a result of the Plaintiff's untimely deliveries and delivery of nonconforming product the Defendant has sustained damages.

**WHEREFORE**, the Defendant respectfully requests the entry of judgment in its favor and against the Plaintiff in an amount representing compensatory damages to be determined by the Court.

Respectfully submitted,

**PHILLIPS & CAMPBELL, P.C.**

_____
Patrick C. Campbell, Jr.
ID No. 53350
One Belmont Avenue, Ste. 518
Bala Cynwyd, PA 19004
610/668-4970
Attorneys for Defendant, Westcode, Inc.

**Dated**:   July 25, 2002