IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BI-TECH, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 02-CV-3758 |
| WESTCODE, INC. | : | |

**DEFENDANT, WESTCODE, INC.'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**I.   FACTS**

The Plaintiff, Bi-Tech, Inc. ("Bi-Tech"), is a corporation incorporated under the laws of the State of New Jersey. Bi-Tech was a manufacturer and assembler of fabricated metal parts.

The Defendant, Westcode, Inc. ("Westcode"), provides air conditioning, suspension and door sub-assemblies primarily to the rail car industry. Bi-Tech was a sub-supplier of parts on two of Westcode's jobs.

The first job was under the auspices of the New York Transit Authority. Pursuant to purchase order number S2147892, issued on or about October 15, 1999, Bi-Tech was to provide condenser fan assemblies for that job.

Another one of Westcode's jobs was under the auspices of the Bay Area Rapid Transit Authority ("BART"). Pursuant to that job, Westcode was supplying door operator systems, suspension assemblies and heating, ventilation and air conditioning assemblies.

Pursuant to purchase order number M0546125, issued on June 15, 1998, Bi-Tech was to provide evaporator covers.

According to paragraph 9 of Bi-Tech's Complaint, the Plaintiff seeks damages totaling

$70,783.00 in connection with the BART purchase order. The majority of that amount ($61,288.00) represents goods allegedly manufactured by Bi-Tech but whose delivery was not accepted.

According to paragraph 13 of Bi-Tech's Complaint, the Plaintiff seeks $112,210.00 under purchase order S2147892 for lost profits and expenses.

Bi-Tech was incorporated in or about 1970. On December 31, 1993, its Certificate of Incorporation was revoked. The Certificate of Incorporation for Bi-Tech was revoked for the failure to file and pay for annual reports. Bi-Tech's Certificate of Incorporation has not been reinstated.

As a result of the foregoing revocation, Bi-Tech was legally dissolved on December 31, 1993. Hence, Bi-Tech had no authority or permission to carry on business other than business designed at winding up its affairs after that date. The purchase orders set forth above, in particular purchase order numbers S2147892 and M0546125, are, therefore, not enforceable by Bi-Tech and void.

## II.   LEGAL ANALYSIS

Section 14A:4-5(1) requires every domestic corporation and every foreign corporation authorized to transact business in the State of New Jersey to file with the Department of Treasury an annual report. N.J.S.T. 14A:4-5(1). In the event a domestic corporation fails to file an annual report for two consecutive years, the State Treasurer may revoke the Certificate of Incorporation. N.J.S.T. 14A:4-5(5). In such an event all powers conferred by law upon the corporation are inoperative and void. The revocation of the Certificate of Incorporation automatically dissolves the corporation in question. N.J.S.T. 14A:12-1(1)(g). A corporation

that is dissolved is not permitted to carry on any business except business designed at winding up its affairs. N.J.S.T. 14A:12-9(1).

This case involves disputes between the Defendant, and one of its vendors, the Plaintiff. The disputes arise as a result of two separate purchase orders. The first purchase order was issued on or about June 15, 1998, number M0546125. The second purchase order was issued on or about October 15, 1999, number S2147892.

Bi-Tech's corporate charter was revoked on December 31, 1993 as a result of the failure to file annual reports. Bi-Tech's charter has never been reinstated.

As a result of its charter being revoked, Bi-Tech had no authority to conduct business. It only follows that Bi-Tech had no legal authority to enter into valid purchase orders such as the two at issue in this case.

Almost precisely on point is the case of <u>Higi v. Elmtree Village</u>, 114 N.J.Super. 88, ___, 274 A.2d 845, 846-847 (1971). In that case, the plaintiff purchased property which was subject to a mortgage which had been conveyed to a corporate defendant whose charter had been revoked prior to the conveyance. The Court ruled, that under those circumstances, the mortgages were not enforceable.

In the present case, the purchase orders in question were issued more than five years after the corporation's charter had been revoked. The charter remains revoked for the failure to file reports. The purchase orders in question, therefore, are void and not enforceable by the Plaintiff.

Since the purchase orders are not enforceable by the Plaintiff, the Plaintiff can have no claims thereon. Accordingly, the Plaintiff's case must be dismissed in its entirety.

Respectfully submitted,

**PHILLIPS & CAMPBELL, P.C.**

_____
Patrick C. Campbell, Jr.
ID No. 53350
One Belmont Avenue, Ste. 518
Bala Cynwyd, PA 19004
610/668-4970
Attorneys for Defendant, Westcode, Inc.

**Dated**:     March 18, 2003